Jose Rosario MENDEZ–MADRIGAL; Guillermina Castillo–Estrada, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70716.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Guillermina Castillo–Estrada, Costa Mesa, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jose Rosario Mendez–Madrigal and his wife Guillermina Castillo–Estrada ("Petitioners"), natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary dismissal under 8 C.F.R. § 3.1(d)(2)(i) (2002) of their appeal from an immigration judge's decision denying their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's summary dismissal for failure to file a brief to determine whether it was appropriate. *Vargas–Garcia v. INS,* 287 F.3d 882, 884 (9th Cir.2002). We dismiss the petition in part, and deny the petition in part.

Petitioners contend that the IJ erred in finding that they failed to demonstrate extreme and exceptionally unusual hardship. The panel lacks jurisdiction to consider this contention because Petitioners failed to raise it below, *see Cortez–Acosta v. INS,* 234 F.3d 476, 480 (9th Cir.2000) (per curiam), and because the panel lacks jurisdiction to review discretionary denials, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003).

Petitioners filed a Notice of Appeal, Form EOIR 26, with the BIA indicating their intention to file a brief, but then they failed to file a brief. Summary dismissal was appropriate because Petitioners' Notice of Appeal did not sufficiently specify their grounds for appeal. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819–21 (9th Cir.2003); *see also* 8 C.F.R. § 3000.1(d)(2)(i) (formerly 8 C.F.R. § 3.1(d)(2)(i)).

Petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act and the Nicaraguan Adjustment and Central American Relief Act violate equal protection is foreclosed by *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002), which held that in order to demonstrate an equal protection violation, a petitioner must show that a classification is wholly irrational.

John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* No. 03–70477, and further order of this Court.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.